# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| **TRINA DYE and TYRELL WEBB,** )<br>)<br>     **Plaintiffs,**     )<br>)<br>**v.**     )<br>)<br>**SAFECO INSURANCE COMPANY OF**     )<br>**AMERICA d/b/a SAFECO INSURANCE,**     )<br>)<br>     **Defendant.**     )<br>)<br>) | **Civil Action No. _____** |

## NOTICE OF REMOVAL

Defendant Safeco Insurance Company of America d/b/a Safeco Insurance ("Safeco") by and through its undersigned attorneys and pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, file this notice of removal ("Notice") from the Circuit Court for the 30th Judicial District, Shelby County, Memphis, Tennessee, to the United States District Court for the Western District of Tennessee, Western Division.  Removal is based on diversity jurisdiction because plaintiffs and Safeco have complete diversity of citizenship, and the amount in controversy exceeds $75,000.00.  In support of this Notice, Safeco states:

**I.     FACTS AND PROCEEDINGS**

1.     On or about August 6, 2012, plaintiffs Trina Dye and Tyrell Webb ("Plaintiffs") filed a Complaint for Damages in the Circuit Court of Shelby County, Tennessee.  The state court case is styled:  *Trina Dye and Tyrell Webb v. Safeco Insurance Company of America d/b/a Safeco Insurance,* Case No. CT-003424-12 (the "State Court Action").

2. The Complaint alleges breach of contract by Safeco for failure to provide coverage under an insurance policy it issued to Plaintiff Dye insuring certain property located at 3665 Chesterwood Drive, Memphis, Tennessee 38118 (the "Property"). The Complaint also asserts claims against Safeco for statutory and common law bad faith (Compl. ¶¶ 10-14), and punitive damages (Compl. ¶ 16). These claims arise from Safeco's alleged failure to pay an insurance claim made by Plaintiff Dye pursuant to the policy following a fire at the Property.

## II. THIS NOTICE IS TIMELY FILED

3. Safeco was served with the Complaint and corresponding summons on August 13, 2012. This Notice is, therefore, timely because it is filed within thirty days of receipt of the summons by one of the defendants. 28 U.S.C. § 1446(b)(1), (2)(B) (stating that "[e]ach defendant shall have 30 days after receipt by or service on that defendant of the initial pleading or summons described in paragraph (1) to file the notice of removal").

## III. REMOVAL PROCEDURES

4. Removal of this case is proper under 28 U.S.C. § 1441(a), which provides in pertinent part that, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

5. Venue is appropriate in this Court pursuant to 28 U.S.C. § 1441(a). Safeco seeks to remove this case to the United States District Court for the Western District of Tennessee, Western Division. The Circuit Court of Shelby County, Tennessee, is located within this District and cases arising from Shelby County are properly assigned to this Court. *See* 28 U.S.C. § 123(c)(2).

6. In compliance with 28 U.S.C. § 1446(a), a copy of all "process, pleadings, and orders" received by Safeco are attached as **Exhibit A**.

7. In accordance with 28 U.S.C. § 1446(d), a true and correct copy of this Notice (without exhibits) is being filed concurrently with the Clerk of the Circuit Court of Shelby County, Tennessee, and served upon all parties of record. A true and correct copy of Safeco's notice to the state court is attached hereto as **Exhibit B**.

8. Safeco is the only defendant in this case. Therefore, no other parties need to consent to this removal. Safeco demonstrates its consent to this removal by the signature of its counsel below.

## IV. THIS COURT HAS DIVERSITY JURISDICTION

9. This Court has original jurisdiction over this action under 28 U.S.C. § 1332, which provides: "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between – (1) citizens of different States . . ." 28 U.S.C. § 1332.

10. Pursuant to 28 U.S.C. § 1441(b)(2), "A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title [28 USCS § 1332(a)] may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."

11. Plaintiffs are citizens or residents of Shelby County, Tennessee. (*See* Compl. ¶¶ 1-2.)

12. Safeco is a company a corporation organized under the laws of the state of New Hampshire with its principal place of business at 175 Berkeley Street, Boston, Massachusetts 02116. Accordingly, Safeco is a citizen of both New Hampshire and Massachusetts for diversity jurisdiction purposes. 28 U.S.C. § 1332(c).

13. Thus, complete diversity of citizenship exists between the parties.

14. The amount in controversy is also met. Plaintiffs pray for an unspecified amount of damages. When a plaintiff fails to plead an amount in controversy, "removal of the action is proper . . . if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds the amount specified in [28 USCS § 1332(a)]." *See* 28 USCS § 1446. Here, Plaintiffs seeks damages that exceed $75,000. Plaintiffs claim they are entitled to recover damages for, among other things: (1) loss of use of funds due under the policy of insurance, (2) bad faith under Tenn. Code Ann. § 56-7-105, which provides a twenty-five percent for insurance funds not paid, (3) physical, mental, and emotional pain and suffering, (4) loss of use and enjoyment of their personal property and the extra rent and expenses occasioned by Safeco's violations, (5) loss of enjoyment of life, (6) incidental and consequential damages as a result of Safeco's breach of contract, and (7) punitive damages. At a minimum, the amount in controversy is equal to the coverage limits under the policy, which provides over $155,000 worth of dwelling coverage and more than $77,000 in personal property (contents) coverage. The insurance policy is attached hereto as **Exhibit C**. When Plaintiffs' claims for bad faith and punitive damages are also taken into account, it is beyond dispute that the amount in controversy exceeds $75,000. As such, this Court has jurisdiction over this matter.

## V.   CONCLUSION

15. WHEREFORE, Safeco respectfully requests the above-captioned action now pending in the Circuit Court for the 30th Judicial District, Shelby County, Memphis, Tennessee, be removed to the United States District Court for the Western District of Tennessee, Western Division, and that said United States District Court assume jurisdiction of this action and enter such other and further orders as may be necessary to accomplish the requested removal and promote the ends of justice.

        Respectfully submitted,

/s/ John R. Wingo
John R. Wingo (BPR No. 16955)
Kevin P. Hartley (BPR No. 029199)
STITES & HARBISON, PLLC
401 Commerce Street, Suite 800
Nashville, TN  37219
(615) 782-2263     Fax:  (615) 742-4106
E-mail:  john.wingo@stites.com
*Counsel for Safeco Insurance Company of America*

### CERTIFICATE OF SERVICE

I hereby certify that on September 12, 2012, the foregoing was served by electronic mail and/or first class U.S. mail, postage prepaid, upon:

James W. Cook (BPR No. 008760)
7692 Poplar Pike
Germantown, Tennessee 38138
Phone:  (901) 753-5898
Fax:   (901) 753-5829
*Attorney for Plaintiffs*

/s/ John R. Wingo
John R. Wingo