

**CHS / ALL**
**Transmittal Number: 10239312**
**Date Processed: 08/20/2012**

# Notice of Service of Process

| | |
|---|---|
| **Primary Contact:** | Stephanie Finklea - MS: 07C<br>Liberty Mutual Insurance Company<br>175 Berkeley Street<br>Boston, MA 02117 |
| **Entity:** | Safeco Insurance Company Of America<br>Entity ID Number  2781189 |
| **Entity Served:** | Safeco Insurance Co Of America |
| **Title of Action:** | Trina Dye vs. Safeco Insurance Company Of America d/b/a Safeco Insurance |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Contract |
| **Court/Agency:** | Thirtieth Judicial District at Memphis, Tennessee |
| **Case/Reference No:** | CT-003424-12 |
| **Jurisdiction Served:** | Tennessee |
| **Date Served on CSC:** | 08/17/2012 |
| **Answer or Appearance Due:** | 30 Days |
| **Originally Served On:** | TN Department of Commerce and Insurance on 08/13/2012 |
| **How Served:** | Certified Mail |
| **Sender Information:** | James W. Cook<br>901-753-5898 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**
*CSC is SAS70 Type II certified for its Litigation Management System.*
2711 Centerville Road   Wilmington, DE 19808   (888) 690-2882   |   sop@cscinfo.com

**Exhibit A**

**STATE OF TENNESSEE**
**Department of Commerce and Insurance**
**500 James Robertson Parkway**
**Nashville, TN 37243-1131**
**PH - 615.532.5260, FX - 615.532.2788**
**Jerald.E.Gilbert@tn.gov**

August 13, 2012

Safeco Insurance Co Of America  
2908 Poston Ave, % Corp Svc Co  
Nashville, TN 37203  
NAIC # 24740

Certified Mail  
Return Receipt Requested  
7011 2970 0003 4363 8105  
Cashier # 4658

Re:   Trina Dye And Tyrell Webb   V.   Safeco Insurance Co Of America

Docket # Ct-003424-12

To Whom It May Concern:

Pursuant to Tennessee Code Annotated § 56-2-504 or § 56-2-506, the Department of Commerce and Insurance was served August 13, 2012, on your behalf in connection with the above-styled proceeding. Documentation relating to the subject is herein enclosed.

Jerald E. Gilbert  
Designated Agent  
Service of Process

Enclosures

cc: Circuit Court Clerk  
 Shelby County  
 140 Adams Street, Rm 324  
 Memphis, Tn 38103

**(CIRCUIT/CHANCERY) COURT OF TENNESSEE**
**140 ADAMS AVENUE, MEMPHIS, TENNESSEE 38103**
**FOR THE THIRTIETH JUDICIAL DISTRICT AT MEMPHIS**

## SUMMONS IN CIVIL ACTION

Docket No. CT-003424-12 DIV III

☉ Lawsuit
○ Divorce

Ad Damnum $ _____

**Plaintiff(s)**
TRINA DYE and TYRELL WEBB

VS

**Defendant(s)**
SAFECO INSURANCE COMPANY OF AMERICA
d/b/a SAFECO INSURANCE

TO: (Name and Address of Defendant (One defendant per summons))

SAFECO INSURANCE COMPANY OF AMERICA
d/b/a SAFECO INSURANCE
SAFECO PLAZA
SEATTLE, WASHINGTON 98185-0001

Method of Service:
○ Certified Mail
○ Shelby County Sheriff
⊘ Commissioner of Insurance ($)
○ Secretary of State ($)
○ Other TN County Sheriff ($)
○ Private Process Server
○ Other

($) Attach Required Fees

You are hereby summoned and required to defend a civil action by filing your answer with the Clerk of the Court and serving a copy of your answer to the Complaint on James W. Cook, Plaintiff's attorney, whose address is 7692 Poplar Pike, Germantown, TN 38138, telephone +1 (901) 753-5898 within THIRTY (30) DAYS after this summons has been served upon you, not including the day of service. If you fail to do so, a judgment by default may be taken against you for the relief demanded in the Complaint.

JIMMY MOORE, Clerk / DONNA RUSSELL, Clerk and Master

TESTED AND ISSUED Aug 6, 2012 By _____, D.C.

TO THE DEFENDANT:

NOTICE; Pursuant to Chapter 919 of the Public Acts of 1980, you are hereby given the following notice:
Tennessee law provides a four thousand dollar ($4,000) personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the Clerk of the Court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed. These include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible and school books. Should any of these items be seized, you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

FOR AMERICANS WITH DISABILITIES ACT (ADA) ASSISTANCE ONLY, CALL (901) 379-7895

I, JIMMY MOORE / DONNA RUSSELL, Clerk of the Court,
Shelby County, Tennessee, certify this to be a true and
accurate copy as filed this

Aug 6 2012

JIMMY MOORE, Clerk / DONNA RUSSELL, Clerk and Master

By: _____, D.C.

RETURN OF SERVICE OF SUMMONS

I HEREBY CERTIFY THAT I **HAVE** SERVED THE WITHIN SUMMONS:

By delivering on the _____ day of _____, 20_____ at _____ M. a copy of the summons

and a copy of the Complaint to the following Defendant _____

at _____

By: _____

_____ Sheriff or other authorized person to serve process
Signature of person accepting service

RETURN OF NON-SERVICE OF SUMMONS

I HEREBY CERTIFY THAT I **HAVE NOT** SERVED THE WITHIN SUMMONS:

To the named Defendant _____

because _____ is (are) not to be found in this County after diligent search and inquiry for the following

reason(s): _____

This _____ day of _____, 20_____.

By: _____
Sheriff or other authorized person to serve process

IN THE CIRCUIT COURT OF TENNESSEE
FOR THE THIRTIETH JUDICIAL DISTRICT AT MEMPHIS

| | |
|---|---|
| TRINA DYE and<br>TYRELL WEBB,<br><br>Plaintiffs,<br><br>vs.<br><br>SAFECO INSURANCE COMPANY<br>OF AMERICA d/b/a SAFECO INSURANCE,<br><br>Defendant. | No. CT-003424-12<br>JURY DEMANDED<br>DIV III |

**COMPLAINT FOR DAMAGES**

COME NOW the Plaintiffs, Trina Dye (hereinafter "Plaintiff Dye") and Tyrell Webb (hereinafter "Plaintiff Webb"), and sue the Defendant, Safeco Insurance Company of America d/b/a Safeco Insurance (hereinafter "Safeco"), for damages arising out of Safeco's breach of its insurance policy with Plaintiffs and, for cause of action, would state:

1. Trina Dye is an individual residing in Memphis, Shelby County, Tennessee.

2. Tyrell Webb is an individual residing in Memphis, Shelby County, Tennessee.

3. Safeco is a multi-peril insurance company doing business in the state of Tennessee.

4. All of the wrongs alleged herein occurred in Shelby County, Tennessee within the applicable statute of limitations and this Court has jurisdiction.

1

## FACTS

5.  Safeco, for a consideration, issued to Plaintiff Dye a policy of homeowners insurance protecting her residence and her and her son Plaintiff Webb's personal property at 3665 Chesterwood Drive, Memphis, Tennessee 38118.

6.  Plaintiff Dye sustained damage to her residence and each Plaintiff sustained loss to personal property as a result of a fire on or about August 7, 2011. Plaintiff Dye submitted all necessary documents and satisfied all conditions precedent to coverage, but Safeco delayed payment for the damages she sustained that were payable under the insurance policy and dragged out the investigation and, as of the date of the filing of this Complaint, Safeco still had not advised Plaintiff Dye whether or not It would honor her claim.

7.  Safeco delayed the adjustment of the claim even though its investigation and the investigation of the Fire Department showed that the damages Plaintiff Dye sustained as a result of the fire were damages covered under her policy of insurance with Safeco.

8.  In an effort to avoid or minimize its liability under its contractual obligation to Plaintiffs and in dereliction of its duty to handle their claim in good faith, Safeco, instead of properly investigating and handling the claim, began making excessive and unnecessary demands upon Plaintiffs, including an extensive set of examinations under oath that were beyond the realm of reasonableness. At said examinations under oath, Plaintiffs were made fun of, abused, demeaned and discriminated against by the agent for Safeco conducting the examinations, their attorney, Michelle Cooper. Safeco and its representative fraudulently represented that the Insureds had duties, limitations, such as legal representation, and obligations under the policy that did not exist. All of this caused Plaintiffs to suffer physical and emotional harm, distress, loss of enjoyment of life, economic loss, and loss of use of funds and interest.

9. Safeco continued to delay a fair settlement of this claim up and to the time of the filing of this Complaint even though Safeco did not have a factual basis for not paying the claim promptly after a proper investigation.

## COUNT II – STATUTORY AND COMMON LAW BAD FAITH

10. Plaintiffs further allege that Safeco's handling of this claim violated T.C.A. §56-8-105, which sets forth the standards for insurers or claim entities and give evidence as to bad faith on the part of insurance companies. Among those matters that constitute unfair claims practices are:

(1) Knowingly misrepresenting relevant facts or policy provisions relating to coverages at issue;

(2) Failing to acknowledge with reasonable promptness pertinent communications with respect to claims arising under its policies;

(3) Failing to adopt and implement reasonable standards for the prompt investigation and settlement of claims arising under its policies;

(4) Except when the prompt and good faith payment of claims is governed by more specific standards, not attempting in good faith to effectuate prompt, fair and equitable settlement of claims submitted in which liability has become reasonably clear;

(5) Refusing to pay claims without conducting a reasonable investigation except when denied because of an electronic submission error by the claimant;

(6) Failing to affirm or deny coverage of claims within a reasonable time after proof of loss statements have been completed;

(7) Unreasonably delaying the investigation or payment of claims by requiring both a formal proof of loss form and subsequent verification that would result in duplication of information and verification appearing in the formal proof of loss form. Nothing contained in this subdivision (11) shall be construed as obligating any insurer to make a decision upon any claim without sufficient investigation and information to determine if the claim, or any part of the claim, is false, fraudulent, or for an excessive amount.

3

11. Safeco, as Plaintiffs' home owners insurance carrier, had a duty of dealing with its insureds fairly and in good faith. Plaintiffs further aver that a fiduciary relationship was established between Plaintiffs and Safeco by virtue of purchasing the policy of insurance which required Safeco to handle Plaintiffs' claims with the utmost care and trust. Plaintiffs further aver that Plaintiff Dye paid Safeco a premium to protect her and her family from financial, physical, mental wellbeing and emotional distress. Safeco's actions and malicious treatment of its insureds caused even greater harm.

12. Plaintiffs made demand of Safeco to pay their claim under their policy more than 60 days preceding the filing of this lawsuit.

13. The violation of Safeco's duty to deal with Plaintiff Dye fairly and in good faith subjects Safeco to liability for all applicable bad faith damages and penalties, both common law and statutory, including but not limited to T.C.A. §56-7-105 *et seq.* and all common law and statutory law dealing with unfair and deceptive actions.

14. The violation of its duty to deal with Plaintiffs fairly and in good faith subjects Safeco to liability for the extra-contractual tort of bad faith.

## COUNT II – BREACH OF CONTRACT

Plaintiffs incorporate, by reference as if fully set forth verbatim, each and every allegation of the Complaint and would further states:

15. Plaintiffs allege that the conduct of Safeco alleged herein amounts to a breach of contract and requests incidental and consequential damages resulting from the breach.

## COUNT III – PUNITIVE DAMAGES

16. Plaintiffs further aver that Safeco's willful disregard and violation of the statute standards, common law and the malicious actions and abuse that Plaintiffs suffered was all done

4

with the purpose of depriving them of the benefits of said insurance policy that Plaintiff Dye paid for are evidence of the intentional, malicious and fraudulent acts of Safeco that justify punitive damages.

## COUNT IV –DAMAGES

17. As a result of the acts of Safeco, Plaintiffs have been damaged. Plaintiffs seek to recover all damages to which they may be entitled under the law from Safeco, which include but are not limited to the following:

(a) Loss of use of funds due under the policy of insurance;

(b) 25% penalty for bad faith;

(c) All applicable bad faith penalties;

(d) Physical, mental and emotional pain and suffering;

(e) Statutory and discretionary costs;

(f) Punitive damages;

(g) Pre-judgment interest;

(h) Post-judgment interest;

(i) Loss of the use and enjoyment of their property and the extra rent and expenses occasioned by Safeco's violations;

(j) Loss of enjoyment of life; and

(k) Incidental and consequential damages as a result of the Defendants' breach of contract, including but not limited to:

1. Attorney fees incurred in the underlying action;

2. All other litigation expenses incurred in the underlying action; and

3.  For such further relief, general, equitable and specific, to which Plaintiffs may be entitled in these the premises.

Respectfully submitted,

_____
JAMES W. COOK    (8760)
Attorney for Plaintiffs
7692 Poplar Pike
Germantown, Tennessee 38138
Phone: (901) 753-5898
Fax: (901) 753-5829

6

State of Tennessee
Department of Commerce & Insurance
500 James Robertson Parkway
Financial Affairs - Analytical Unit
Nashville, TN 37243



7011 2970 0003 4363 8105

7011 2970 0003 4363 8105          8/13/12
SAFECO INSURANCE CO OF AMERICA
2908 POSTON AVE, % CORP SVC CO
NASHVILLE, TN 37203

3720381312 0025